IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII TRUCKERS-TEAMSTERS UNION PENSION TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>SABINA KUPA,  JOHN DOES 1-10, JANE DOES 1-10,  DOE CORPORATIONS 1-10,  DOE PARTNERSHIPS 1-10,  DOE GOVERNMENTAL AGENCIES 1-10, DOE TRUSTS 1-10,<br><br>Defendants. | CIV. NO. 21-00324 DKW-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT SABINA KUPA AND FOR ATTORNEYS' FEES AND COSTS |

**FINDINGS AND RECOMMENDATION TO
GRANT PLAINTIFF'S MOTION FOR ENTRY OF
DEFAULT JUDGMENT AGAINST DEFENDANT
SABINA KUPA AND FOR ATTORNEYS' FEES AND COSTS**

Plaintiff Hawaii Truckers-Teamsters Union Pension Trust's ("Plaintiff")

Motion for Entry of Default Judgment Against Defendant Sabina Kupa and for

Attorneys' Fees and Costs ("Motion for Default Judgment" or "Motion") came on

for a telephonic hearing on February 17, 2022 before the Honorable Rom A.

Trader, United States Magistrate Judge.  Attorney Christin Kawada appeared on

behalf of the Plaintiff.  No other party appeared for the telephonic hearing.

After careful consideration of the Motion and attached declarations and exhibits, the records and files in this case and the applicable law, the Court **FINDS** that Defendant Sabina Kupa ("Defendant") had notice of this case and ample opportunity to respond.  Defendant nevertheless failed to respond or request for an extension.  The Court thus **RECOMMENDS** that the district court **GRANT** the Motion and enter default judgment against Defendant.  The Court also **FINDS** that Plaintiff's attorneys' fees and costs reasonable, and **RECOMMENDS** that attorneys' fees and costs in the amount of $7,273.95 be **GRANTED**.

## BACKGROUND

Plaintiff is a jointly trusteed labor-management trust fund subject to the Labor-Management Relations Act, 29 U.S.C. § 186(c)(5), and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 & 1003).  Plaintiff provides pension benefits to participating individuals and their eligible beneficiaries pursuant to the terms of the written trust agreement and plan documents.

Henry Kauihou was a participating individual who received monthly pension benefits from Plaintiff.  These benefits were directly deposited into a bank account designated by Mr. Kauihou.  Mr. Kauihou owned this bank account jointly with his daughter, the Defendant.  Mr. Kauihou died on or around November 8, 2019.  Plaintiff was unaware of Mr. Kauihou's death and continued to deposit his pension

benefits to the designated bank account for almost a year from December 2019 through November 2020.  Under the plan, Mr. Kauihou's pension benefits terminated upon his death.  No one notified Plaintiff of Mr. Kauihou's death and as a result, Plaintiff overpaid $28,081.20 in pension benefits.

Plaintiff alleges that Defendant purposefully and/or knowingly failed to inform Plaintiff of Mr. Kauihou's death.  Plaintiff alleges that Defendant took possession of and/or converted the pension benefits paid to the designated bank account.  Although Plaintiff, through its administrator and counsel, demanded Defendant to return the overpayment, Defendant failed to respond.

On July 27, 2021, Plaintiff filed a Complaint against Defendant alleging theft, conversion, fraud, unjust enrichment and constructive trust.  However, Plaintiff was unable to serve Defendant at her last known residential address. Plaintiff's process server made several attempts to serve Defendant, but it appears that Defendant may have been evading service.  On September 7, 2021, Plaintiff filed an Ex Parte motion for Order Directing Service by Publication of Summons upon Defendant Sabina Kupa.  ECF No. 6.  On September 10, 2021, the Court issued an Order Directing Service by Publication of Summons Upon Defendant Sabina Kupa.  ECF No. 7.  The summons required Defendant to appear telephonically before the court on November 10, 2021 and placed Defendant on notice that failure to appear may result in an entry of default and default judgment.

Id.  On October 21, 2021, Plaintiff filed an Affidavit of Publication indicating that the summons was published for four consecutive weeks in the Honolulu Star-Advertiser on September 27, October 4, October 11, and October 18, 2021.  ECF No. 9.  Defendant failed to appear on November 10, 2021, the day of the service by publication hearing.  ECF No. 10.

On November 29, 2021, Plaintiff filed a Request for Entry of Default Against Defendant Sabina Kupa (ECF No. 11), and Entry of Default Against Defendant Sabina Kupa (ECF No. 12) was entered by the Clerk's Office.  On January 7, 2022, Plaintiff filed the Motion for Default Judgment now before the Court.

## DISCUSSION

The Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 55(b)(2) provides that the Court may enter default judgment following the Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a).  The district court has the discretion to grant or deny a motion for default judgment.  Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  However, before determining whether default judgment is appropriate, the Court must have jurisdiction over this action and personal jurisdiction over the Defendant.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully

attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place").

## A.   <u>Jurisdiction</u>

Plaintiff alleges that this action arises under the Labor-Management Relations Act, 1947, as amended; the Employee Retirement Income Security Act of 1974; and the Multiemployer Pension Plan Amendments Act of 1980.  ECF No. 1.  Based on this information, this case is before the court based on federal question under 29 U.S.C. §§ 1132(a) and (f).  This Court thus has subject matter jurisdiction over this case.  This Court also has personal jurisdiction over the Defendant as the Complaint alleges that Defendant is a resident of the City and County of Honolulu, State of Hawaii.  ECF No. 1.

## B.   <u>Eitel Factors</u>

Default judgment may be entered in favor of a plaintiff pursuant to Fed. R. Civ. P. 55(b)(1)-(2).  However, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right."  <u>In re Villegas</u>, 132 B.R. 742, 746 (9th Cir. 1991) (citations omitted).  Default judgments are ordinarily disfavored and cases should be decided on their merits if reasonably possible.  <u>Eitel v. McCool</u>, 782 F.2d 1470, 1472 (9th Cir. 1986).

In considering a motion for default judgment, this Court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

Id. at 1471-72 (citation omitted).  On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).  The Court shall evaluate each factor in turn.

### 1.    Possibility of Prejudice

Under this factor, the Court considers whether the Plaintiff would suffer prejudice if default judgment is not entered.  PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C. D. Cal. 2002).  Defendant failed to respond to Plaintiff's Complaint and failed to appear at the service by publication hearing on November 10, 2021 (ECF No. 10).  If default judgment is not entered, the Plaintiff would be left without any recourse for recovery.  This factor this weighs in favor of default judgment.

### 2.    Merits of the Claim

This factor requires that Plaintiff state a claim on which Plaintiff may recover.  See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).  As stated earlier, the factual allegations in the Complaint will be taken as true for the

purposes of liability. <u>TeleVideo Sys., Inc.</u>, 826 F.2d at 917-18 (citation omitted). Plaintiff's action was brought to recover overpayments made to Mr. Kauihou after his death. Mr. Kauihou's right to receive pension payments terminated upon his death, and Defendant was not entitled to receive the pension payments. Plaintiff argues that Defendant purposefully and willfully failed to notify Plaintiff of Mr. Kauihou's death and was unjustly enriched. Plaintiff has alleged adequate facts to show that it is entitled to recover the overpayment from Defendant. This factor thus weighs in favor of default judgment.

### 3.   **Sufficiency of the Complaint**

This factor is related to the merits-of-the-claim analysis. In the merits-of-the-claim analysis, this Court found that the allegations in the Complaint are sufficiently pled and supported by Plaintiff's Motion for Default Judgment. The Court thus finds that this factor weighs in favor of default judgment.

### 4.   **Sum of Money at Stake**

This Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1176. Plaintiff seeks $28,081.20 in overpayment of pension benefits from Defendant. ECF No. 13-5. Plaintiff has provided documentation showing the amounts paid and how the total amount was calculated. <u>Id.</u>

### 5.    **Likelihood of a Dispute Concerning Material Facts**

Defendant was given notice and had sufficient time to respond to the Complaint and deny any of Plaintiff's allegations.  Despite the opportunity, Defendant elected to do nothing.  Defendant was also served a copy of this Motion and again, failed to respond or appear to defend.  Because Defendant failed to raise any dispute regarding Plaintiff's material factual allegations, the Court finds that this factor favors default judgment.

### 6.    **Excusable Neglect**

Defendant received ample notice of the lawsuit, entry of default, and threat of default judgment.  Defendant nevertheless has not defended in this matter to date.  The record does not suggest that Defendant's default was the result of excusable neglect, but it appears that the default is due to Defendant's conscious and willful decision not to defend in this action.  Accordingly, the Court finds that this factor weighs in favor of default judgment.

### 7.    **Policy Favoring Decision on the Merits**

There is a policy of favoring decisions on the merits, and default judgments are disfavored.  In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993).  However, this factor does not preclude the finding that default judgment is appropriate in this case given that all other factors weigh in favor of default judgment.

8.    **Totality of Eitel Factors**

The Court has carefully considered the Eitel factors and FINDS that six (6) out of the seven (7) Eitel factors weigh in favor of default judgment. Thus, this Court RECOMMENDS that the district court grant Plaintiff's request for default judgment against Defendant.

C.    **Attorneys' Fees and Costs**

Plaintiff requests total reasonable attorneys' fees and costs in the amount of $7,273.95 as follows:

| | |
|---|---|
| Attorney Fees: | $4,091.50 |
| General Excise Tax: | $192.79 |
| Related Non-Taxable Expenses: | $19.56 |
| Costs: | $2,970.10 |
| Total: | $7,273.95 |

ECF No. 13-1 at PageID #: 61-62. Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate. Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The lodestar amount may also be adjusted based on an evaluation of the factors in Kerr, which have not been subsumed in the lodestar calculation. Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). "'The court need not consider all . . . factors, but only those called into question by the case at hand and

9

necessary to support the reasonableness of the fee award.'" <u>Cairns v. Franklin Mint Co.</u>, 292 F.3d 1139, 1158 (9th Cir. 2002) (citations omitted). There is a strong presumption that the lodestar amount calculated is reasonable. <u>See</u> <u>Fischer</u>, 214 F.3d at 1119 n.4 (citing <u>Pennsylvania v. Del. Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 565 (1986)).

## 1.    <u>Reasonable Hourly Rate</u>

Plaintiff requests an hourly rate of $250.00 per hour for attorney Jared N. Kawashima, $200.00 per hour for attorney Christin D. W. Kawada, $105.00 per hour for paralegal Michele Sauer.  Mr. Kawashima is a partner at the law firm Yee & Kawashima, LLLP and has twenty-six years of experience in the practice of law. Ms. Kawada is an associate at the law firm Yee & Kawashima, LLLP and has seven years of experience in practice.  Ms. Sauer is a paralegal at the law firm of Yee & Kawashima LLLP and has over 15 years of experience as a paralegal.  The reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation.  <u>Roberts v. City of Honolulu</u>, 938 F.3d 1020, 1023-24 (9th Cir. 2019) (citing <u>Kelly v. Wengler</u>, 822 F.3d 1085, 1099 (9th Cir. 2016)); <u>Webb v. Ada County</u>, 285 F.3d 829, 840 (9th Cir. 2002) (citing <u>Chalmers v. City of Los Angeles</u>, 796 F.2d 1205, 1210-11 (9th Cir. 1986)).  "[T]he relevant community is the forum in which the district court sits."  <u>Camacho v. Bridgeport</u>

Financial, Inc., 523 F.3d 973, 979 (9th Cir. 2008).  In this case, the relevant

community is the District of Hawaii.

"District courts may also use their 'own knowledge of customary rates and

their experience concerning reasonable and proper fees.'"  Sam K. ex rel. Diane C.

v. Hawaii Dept. of Educ., 788 F.3d 1033, 1041 (9th Cir. 2015) (citing Ingram v.

Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011)).  Based on this Court's knowledge

of the prevailing rates in the legal community for work in similar cases, this Court

finds that the hourly rates requested for Mr. Kawashima, Ms. Kawada and Ms.

Sauer are reasonable.

### 2.    **Hours Reasonably Expended**

"The party seeking fees bears the burden of documenting the hours

expended in the litigation and must submit evidence supporting those hours and the

rates claimed." Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 945-46 (9th

Cir. 2007) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  "In

determining the appropriate lodestar amount, the district court may exclude from

the fee request any hours that are 'excessive, redundant, or otherwise

unnecessary.'"  Welch, 480 F.3d at 946 (citing Hensley, 461 U.S. at 433).

Plaintiff provided invoices of the work performed by their counsel in the

Motion for Default Judgment.  ECF No. 13-1 at PageID #: 62-65; ECF No. 13-7.

Upon careful review of these invoices, the Court is satisfied that the hours

expended in this case are reasonable.

**3.  Reasonable Cost**

The costs Plaintiff requests are included in the invoices as Exhibit "2" to the

Motion for Default Judgment.[1]  ECF No. 13-8.  The Court finds that the requested

costs in the amount of $2,989.66 ($2,970.10 + $19.56) plus general excise tax of

4.712% are reasonable and RECOMMENDS that the costs be GRANTED.

## CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that

Plaintiff's Motion for Entry of Default Judgment Against Defendant Sabina Kupa

and for Attorneys' Fees and Costs (ECF No. 13) be GRANTED as follows:

1.    Plaintiff's request for default judgment against Defendant is

      GRANTED;

2.    Plaintiff be awarded total damages in the amount of $28,081.20;

3.    Plaintiff be awarded attorneys' fees and costs in the amount of

      $7,273.95.

---

[1] Plaintiff indicates in its summary (ECF No. 13-1 at PageID #: 62) that the total costs requested is $2989.66 ($2,970.10 + $19.56) and the Declaration of Counsel (ECF No. 13-6) indicates that the total costs requested is $2989.66.  However, the receipts Plaintiffs provided (ECF No. 13-8) indicate that the total costs are $3,018.10.  The Court approves the amount requested in the Motion because it is a lesser amount than established by the receipts.

The Court directs Plaintiff to (1) serve a copy of this Findings and Recommendations on Defendant and (2) file a Certificate of Service indicating the date of service by no later than April 14, 2022.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, March 31, 2022.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 21-00324 DKW-RT;  *Hawaii Truckers-teamsters Union Pension Trust vs. Sabina Kupa,  John Does 1-10,  Jane Does 1-10,  Doe Corporations 1-10,  Doe Partnerships 1-10,  Doe Governmental Agencies 1-10,  Doe Trusts 1-10*;  Findings and Recommendation to Grant Plaintiff's Motion for Entry of Default Judgment Against Defendant Sabina Kupa and for Attorneys' Fees and Costs